OPINION
{¶ 1} Defendant-appellant John G. Lyons ("Lyons") brings this appeal from the judgment of the Court of Common Pleas of Crawford County, Domestic Relations Division finding him in contempt of court for failure to pay child support arrearages owed to plaintiff-appellee Holly B. Deems ("Deems").
 {¶ 2} On November 30, 1987, Lyons and Deems were divorced. Two children were born during the marriage: Andrew Lyons (d.o.b. December 23, 1977) and Emily Lyons (d.o.b. December 27, 1981). Pursuant to the divorce decree, Lyons was ordered to pay child support in the amount of $57.87 per week per child. On December 24, 1991, Deems notified the trial court that her new husband was seeking to adopt the children. Prior to November 19, 1993, Lyons parental rights were terminated and the children were adopted by Deems' new husband On November 19, 1993, the trial court entered a judgment that all pending matters were dismissed as moot due to the adoption. At that time an arrearage was due. No further activity was taken on the matter for nine years.
 {¶ 3} In 1995, Lyons was injured in a farming accident and lost a leg. He began receiving social security disability benefits in 1998. On November 27, 2002, the Crawford County Child Support Enforcement Agency ("CCCSEA"), on behalf of Deems, filed a notice to the trial court of a lump sum payment and claimed that an arrearage of $36,123.74 was due. CCCSEA recommended that the full amount be withheld. Lyons objected to the withholding. A hearing was held on the matter on July 3, 2003. At the hearing, CCCSEA moved that the withheld amount, which was being held in escrow, be immediately released to CCCSEA. The trial court granted the motion. On August 26, 2003, the magistrate found Lyons to be in contempt of court for failing to pay child support and sentenced him to 30 days in jail. This decision was affirmed by the trial court on September 17, 2003. It is from this judgment that Lyons objects and raises the following assignments of error.
The trial court erred by adjudging [Lyons] a contemnor andsentencing him for contempt.
 The trial court erred by terminating its prior escrow orderand releasing escrowed child support funds without due processcompliance.
 {¶ 4} In the first assignment of error Lyons claims that the trial court erred by finding Lyons in criminal contempt and sentencing him to 30 days in jail. This case, for some unknown reason, was reactivated at the discretion of CCCSEA by their filing a motion to attach a lump sum settlement.[1] This attachment was made and the funds were placed in escrow. The amount that was placed in escrow is not disclosed upon the record. At trial, a witness testified that the total amount of arrearage, including administrative fees is $37,003.99. Tr. 13. The witness also testified that CCCSEA had received a total of $2,288.50 in payments in 2003. Id. This leaves a balance of $34,715.49 owed in arrearage. Without testimony as to the amount held in the escrow account, there is nothing to show whether or not the full amount due and owing would be paid. Payment in full would purge Lyons of any contempt. Without evidence on this matter, the trial court cannot reasonably conclude that Lyons is in contempt of court. Thus, the first assignment of error is sustained.
 {¶ 5} In the second assignment of error, Lyons claims that the trial court erred by releasing the funds from escrow without prior notice to him. When Lyons went to the hearing, he was aware that CCCSEA was claiming that he owed back child support. Lyons was also aware that the funds were held in escrow until the trial court had made its decision. When the trial court concluded that Lyons owed an arrearage, it was well within the trial court's discretion to release the funds from escrow to CCCSEA. The evidence is clear that Lyons had an arrearage of child support. Thus, the trial court did not err in releasing the funds. No separate hearing is required. The second assignment of error is overruled.
 {¶ 6} The judgment of the Court of Common Pleas of Crawford County is affirmed in part and reversed in part. The matter is remanded to the trial court for further proceedings.
Judgment affirmed in part, reversed in part and cause remanded.
Shaw, P.J., and Cupp, J., concur.
[1] There is no evidence that Deems or her now adult children had anything to do with this matter. There is also no evidence that the State was ever involved in the support of the children when they were minors. Why this case was brought after 9 years of inactivity is a mystery, especially since Lyons had his parental rights terminated in 1993. In addition, the question is raised whether this matter was addressed at the time of the termination of parental rights.